No. 14-72602

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CENTER FOR BIOLOGICAL DIVERSITY,

*Petitioner,*

vs.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
**GINA McCARTHY,** in her official capacity as Administrator of the U.S. Environmental Protection Agency, **JARED BLUMENFELD**, in his official capacity as Regional Administrator of Region 9 of the U.S. Environmental Protection Agency, and
**DEBORAH JORDAN,** in her official capacity as Director of the Air Division of Region 9 of the U.S. Environmental Protection Agency,

*Respondents.*

SIERRA PACIFIC INDUSTRIES,

*Intervenor-Respondent and Real Party in Interest*

INTERVENOR-RESPONDENT AND REAL PARTY IN INTEREST
SIERRA PACIFIC INDUSTRIES'
UNOPPOSED MOTION FOR LEAVE TO INTERVENE

MORRISON & FOERSTER LLP
William M. Sloan
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000

Attorneys for Intervenor-Respondent and Real Party in Interest SIERRA PACIFIC INDUSTRIES

sf-3458373

**I.     INTRODUCTION**

Pursuant to Federal Rule of Appellate Procedure 15(d), Intervenor-Respondent and Real Party in Interest Sierra Pacific Industries ("SPI") respectfully moves for leave to intervene in this action.  Given SPI's direct, substantial and unique interests as the permittee whose permit is being challenged in this action, this Court should allow SPI to intervene.  Moreover, the federal Respondents have indicated that they do not oppose the motion.  Petitioner Center for Biological Diversity has indicated that although it takes no position on any of the factual or legal assertions in the motion, it does not oppose SPI's intervention.  For these reasons, and as explained in greater detail below, this Court should grant SPI's motion to intervene.

**II.    BACKGROUND**

Petitioner has challenged the decision by Region 9 of the United States Environmental Protection Agency ("EPA") to issue a Prevention of Significant Deterioration ("PSD") Permit allowing SPI to construct a 31-megawatt biomass boiler and turbine cogeneration unit at its existing facility in Anderson, California (the "PSD Permit").

SPI originally applied to EPA for its PSD Permit in March 2010.  On February 19, 2013, following a public notice and comment period on a draft permit, EPA issued a PSD permit to SPI (the "2013 Permit").  The EPA's

Environmental Appeals Board ("EAB") considered four consolidated appeals to the 2013 Permit, and subsequently issued an order remanding in part and denying review in part. *In re Sierra Pacific Industries (Anderson Processing Facility)*, 15 E.A.D \_\_\_\_, PSD Appeal Nos. 13-01 through 13-04 (July 18, 2013). Upon remand, on November 8, 2013, EPA proposed a revised draft of the modified PSD Permit that included greenhouse gas emission limits and related requirements in light of the EAB's order. On December 10, 2013, EPA held a public hearing in Anderson, California, and EPA accepted written public comments on the PSD Permit through January 10, 2014.

EPA issued the final PSD Permit on April 25, 2014. On June 5, 2014, EAB dismissed three additional administrative appeals challenging the PSD Permit. *In re Sierra Pacific Industries*, PSD Appeal Nos. 14-03, 14-05, and 14-06, Order Dismissing Appeals for Lack of Jurisdiction (June 5, 2014). The following day, EPA issued its final permit decision, and published notice of the decision on June 23, 2014. 79 Fed. Reg. 35,543 (June 23, 2014). Pursuant to 42 U.S.C. section 7607(b) and Federal Rule of Appellate Procedure 15, Petitioner filed a petition for review of the final permit decision with this Court on August 22, 2014.

### III. ARGUMENT

While Rule 15(d) does not specify a standard for intervention, this Court looks to the principles underlying intervention embodied in Rule 24 of the Federal

Rules of Civil Procedure ("Rule 24"). *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (where no federal statute confers an unconditional right to intervene, Rule 24 provides for intervention). Under Rule 24(a), intervention as of right is permitted: (1) upon timely application; (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action; and (3) is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest, (4) unless the applicant's interest is adequately represented by existing parties. Fed. R. Civ. P. 24(a); *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).

### A. SPI's Motion for Leave to Intervene is Timely

Under Federal Rule of Appellate Procedure 15(d) ("Rule 15(d)"), a party seeking to intervene in a proceeding to review a federal agency action must file a motion for leave to intervene, along with a concise statement of its interest in intervention, within 30 days after the petition for review is filed. Here, Petitioner filed its petition for review on August 22, 2014, so this motion is timely.

### B. SPI Has a Direct and Substantial Interest in the Outcome of the Action, and No Party to This Proceeding Adequately Represents its Unique Interests

Intervention is appropriate where an intervenor has a direct and significant interest in the outcome of a petition for review. "A putative intervenor will

3

sf-3458373

generally demonstrate a sufficient interest for intervention as of right in … all cases, if it will suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Soc'y*, 630 F.3d at 1180–81 (quotation omitted); *see also N.M. Dep't of Human Servs. v. Dep't of Health & Human Servs. Health Care Fin. Admin.*, 4 F.3d 882, 884 n.2 (10th Cir. 1993) (reaffirming a prior panel's decision to grant Rule 15(d) intervention motion based on substantial and unique interest in the outcome, noting that intervenors' "benefits hang in the balance").

As the beneficiary of the PSD Permit, SPI has a direct interest in the outcome of this action, and as such, should be permitted to intervene to protect that interest. *See Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1483 (9th Cir. 1993) (holding that permittee was entitled to intervene as of right because its interests "are squarely in the class of interests traditionally protected by law"), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d at 1180–81. Here, this Court will ultimately be asked to uphold the validity of EPA's permit decision regarding SPI's proposed biomass facility, which will directly and substantially affect SPI's business operations. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene ….").

4

sf-3458373

Finally, SPI's interests are not and cannot be adequately represented by existing parties. Although the federal Respondents have an interest in seeing the PSD Permit upheld as a proper agency action, their interest is far different from the business interests possessed by SPI, which has invested many years and millions of dollars in seeing the biomass facility built. *See, e.g.*, *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995) (finding that a government agency must represent "the broad public interest" rather than the narrow, focused interests of a regulated entity), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d at 1180–81; *see also Dimond v. District of Columbia*, 792 F.2d 179, 192–93 (D.C. Cir. 1986). SPI should have the opportunity to advance its own unique interests before this Court.

Accordingly, SPI's substantial, direct, and unique interest justifies its intervention as a respondent and real party in interest.

## IV. CONCLUSION

For all of the foregoing reasons, and in light of the non-opposition of the federal Respondents and Petitioner as stated herein, SPI respectfully requests that this Court grant its motion for leave to intervene in this action.

5

sf-3458373

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Respondent-Intervenor and Real Party in Interest Sierra Pacific Industries certifies that it has no parent companies and that no publicly held corporation owns ten percent or more of Sierra Pacific Industries.

Dated: September 18, 2014　　　　　MORRISON & FOERSTER LLP


　　　　　　　　　　　　　　　　　　　By: */s/ William M. Sloan*
　　　　　　　　　　　　　　　　　　　　　William M. Sloan

　　　　　　　　　　　　　　　　　　　　*Attorneys for Respondent-Intervenor*
　　　　　　　　　　　　　　　　　　　　*and Real Party in Interest*
　　　　　　　　　　　　　　　　　　　　SIERRA PACIFIC INDUSTRIES

sf-3458373

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 18, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: September 18, 2014        */s/ Margaret McIlhargie*
                                                          Margaret McIlhargie