**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | |
|---|---|
| HELPING HAND TOOLS and ROB SIMPSON,<br><br>                                     Petitioners,<br><br>     v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>                                     Respondents,<br><br>SIERRA PACIFIC INDUSTRIES,<br><br>                                     Intervenor. | Case No. 14-72553 |
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>                                     Petitioner,<br><br>     v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>                                     Respondents,<br><br>SIERRA PACIFIC INDUSTRIES,<br><br>                                     Intervenor. | Case No. 14-72602 |

**AMERICAN WOOD COUNCIL AND NATIONAL ALLIANCE OF
FOREST OWNERS' MOTION TO BECOME AMICUS CURIAE**

Pursuant to Fed. R. App. P. 29 and at the direction of the Office of the Clerk of the Court, the American Wood Council ("AWC") and National Alliance of Forest Owners ("NAFO") (collectively "Movants") hereby move to become amicus curiae. On September 2, 2015, Movants filed a motion to extend time to file motion for leave to file an amicus brief pursuant to Fed. R. App. P. 29(e). Doc. ID: 9668865. Counsel for Movants was subsequently informed by the Office of the Clerk of this Court that their motion to extend time could not be processed until Movants submitted the instant motion. If the motions are granted, pursuant to Fed. R. App. P. 29(a) and (b), Movants will seek the consent of all parties prior to filing an amicus curiae brief in this case and, if necessary, will also file a motion for leave to file an amicus curiae brief.

Counsel for the Movants have contacted counsel for all of the parties in this case. Respondent Environmental Protection Agency ("EPA") and Intervenor Sierra Pacific Industries ("SPI") do not oppose the Movants' Motion to Become Amicus Curiae. Petitioners Helping Hand Tools, Rob Simpson, and Center for Biological Diversity take no position on, and do not intend to file any response to, the Movants' Motion to Become Amicus Curiae for the limited purpose of allowing the Clerk of this Court to process Movants' extension request. However, Petitioners reserve the right to object to the amicus curiae brief itself to the extent it

references matters outside the record or otherwise fails to comply with applicable rules.

## The Movants' Interest in this Case

The Movants are two national trade associations that represent the leading companies in the forestry and forest products industries.  AWC is the voice of North American traditional and engineered wood products, representing over 75% of the industry that provides approximately 400,000 men and women with family-wage jobs.  AWC members make products that are essential to everyday life from a renewable resource that absorbs and sequesters carbon.

NAFO's mission is to protect and enhance the economic and environmental values of private forests through targeted policy advocacy at the national level.  At the time of this submission, NAFO's members represent 80 million acres of private forests in 47 states.  NAFO was incorporated in February 2008 and has been working aggressively since then to sustain the ecological, economic, and social values of forests and to assure an abundance of healthy and productive forest resources for present and future generations.

The Movants and their member companies thus have a direct, strong, and specific interest in EPA's treatment of biomass $CO_2$ emissions under the Clean Air Act.  The Movants have demonstrated this interest by leading efforts to work with regulators at both the state and federal level for the past eight years to ensure that

federal and state governments appropriately recognize the climate benefits of biomass. Accordingly, they have been active participants in regulatory matters before the EPA and state regulatory agencies, in scientific evaluations of biomass $CO_2$ emissions before EPA's Science Advisory Board ("SAB"), and in litigation related to the appropriate treatment of biomass emissions under the Clean Air Act as parties and intervenors.

This case involves two petitions for review of a Clean Air Act Prevention of Significant Deterioration ("PSD") permit that EPA issued to SPI for the construction of a biomass energy facility. Petitioners allege that EPA failed to conduct an appropriate analysis before setting emissions limits for biomass $CO_2$ emissions from the facility. In doing so, Petitioners challenge EPA's application of both (1) the Clean Air Act and (2) EPA's current biomass $CO_2$ emissions guidance in issuing the PSD permit for SPI's proposed biomass energy facility. SPI is a member of both Movants. As a result, the Movants have both a strong interest in how this case could affect SPI's interests as their member and also, importantly, a broader interest in how this case may affect other member companies seeking to construct or modify biomass $CO_2$ emitting facilities in the future.

**The Movants' Participation as Amicus Curiae Is Desirable and Relevant to the Disposition of these Petitions for Review**

The Movants support EPA's treatment of biomass $CO_2$ emissions in SPI's PSD permit and intend to file an amicus curiae brief in support of EPA and SPI. Because they represent such a full and diverse portion of the forest and forest products industries, the Movants' interests in EPA's treatment of biomass emissions under the Clean Air Act are aligned with, but much broader than, SPI's interests in this case. Likewise, as trade associations representing the regulated community, the Movants' interests are distinct from EPA's interests in this case.

Because they have an interest in this case that is distinct from and broader than that of EPA and SPI, Movants' participation as amicus curiae will aid the Court by bringing a unique perspective and regulatory policy context before the Court. The Movants anticipate that their brief will focus on broadly applicable legal, policy, and technical issues associated with EPA's treatment of biomass under the Clean Air Act, and will reference other regulatory settings and contexts to aid in the Court's consideration of these issues. Movants have separately moved to extend their deadline to file an amicus curiae brief until SPI's deadline to file its intervenor brief so that Movants can avoid any duplicative briefing with the Court.

## Conclusion

For the foregoing reasons, the Movants respectfully request that the Court grant their Motion to Become Amicus Curiae in this case.

Dated: September 3, 2015

Respectfully submitted,

/s/ James R. Wedeking
Roger R. Martella, Jr.
Joel F. Visser
James R. Wedeking
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000

*Counsel for American Wood Council and National Alliance of Forest Owners*

## CERTIFICATE OF SERVICE

I hereby certify that the copies of the foregoing Motion to Become Amicus Curiae was served, this 3rd day of September, 2015, through CM/ECF on all registered counsel.

                                                /s/ James R. Wedeking
                                                James R. Wedeking