

U.S. Department of Justice

Environment and Natural Resources Division

| | |
|---|---|
| *Environmental Defense Section* | *Telephone: (202) 514-1806* |
| *P.O. Box 7611* | *Facsimile: (202) 514-8865* |
| *Washington, DC 20044* | *Email: dustin.maghamfar@usdoj.gov* |

July 7, 2016

**Via CM/ECF**

Ms. Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

    Re:   *Center for Biological Diversity v. EPA*, No. 14-72602 (consolidated with No. 14-72553)
           Oral Argument Scheduled for July 19, 2016

Dear Ms. Dwyer:

    Respondents United States Environmental Protection Agency, et al. ("EPA") submit this response to the letter filed July 1, 2016 by petitioner Center for Biological Diversity ("Center") (Dkt. No. 80).

    In its letter, the Center asserts that the Supreme Court's opinion in *Encino Motorcars, LLC v. Navarro*, No. 15-415 (June 20, 2016), supports its challenge to EPA's determination of best available control technology in the prevention of significant deterioration permit at issue in these consolidated petitions. This assertion is meritless. In *Encino*, the Court invalidated a Department of Labor regulation in which the Department had determined that service advisors employed by automobile dealerships are not "salesman," and thus not excluded from the Fair Labor Standards Act's overtime compensation requirements, because the Department had not adequately explained in the final rule why it had reversed its longstanding contrary position.

*Encino* has no application to this case because, as explained in our brief, EPA has not changed its position on what the Clean Air Act requires. *See* EPA Br. 73-81, 89-97. EPA acted reasonably and consistent with the Clean Air Act and EPA guidance, and provided reasoned explanations for its decisions.

The Center's attempt to use *Encino* to support its argument regarding the standard of review in this case is unavailing. *Encino* dealt only with an agency failing to offer a reasoned explanation for reversing a longstanding contrary interpretation. Slip op. at 8-10. Moreover, *Encino* did not establish new law or affect the Court's analysis of deference in cases such as *Barnhart v. Walton*, 535 U.S. 212, 221 (2002) and *United States v. Mead Corp.*, 533 U.S. 218, 227-31 (2001), but merely applied well-established principles to the particular circumstances before the Court. *See* Concurring Opinion of Justice Ginsburg at 2.

Accordingly, because EPA has not changed its position, *Encino* is inapplicable to the Center's claims in this case.

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General

/s/ Dustin J. Maghamfar
DUSTIN J. MAGHAMFAR
United States Department of Justice
Environmental Defense Section

Attorneys for Respondents

cc: All counsel of record (via CM/ECF)

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2016, a copy of the foregoing was served electronically through the Court's CM/ECF system on all registered counsel.

| | |
|---|---|
| Dated:  July 7, 2016 | /s/ Dustin J. Maghamfar<br>DUSTIN J. MAGHAMFAR<br><br>Attorney for Respondents |